(122 App. Div. 485.)

## LANG v. MINCK.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

1. CONTRACTS—BREACH—ACTIONS—EVIDENCE.

In an action for breach of contract to pay for a secret formula for making artificial champagne, "not distinguishable from, and equal in test, appearance, and quality to, real champagne," the testimony of plaintiff that she had made champagne according to the formula and that it had always turned out right was not sufficient, without proof that the formula was what it was alleged to be, to authorize a judgment for damages.

2. APPEAL—REVIEW.

The question whether the verdict is contrary to and unsupported by the evidence comes up on a motion to set aside the verdict and for a new trial.

Hooker, J., dissenting.

Appeal from Kings County Court.

Action by Kathi Lang against Julius Minck. From a judgment for plaintiff, and from an order denying a motion on the minutes for a new trial, defendant appeals. Reversed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Thomas F. Magner (Nathan Ballin, on the brief), for appellant.
August P. Wagener, for respondent.

GAYNOR, J. The plaintiff did not make out a case, and the motion to dismiss should have been granted. The allegations of the complaint may well excite credulity, which is all the more reason why care should have been taken to see that evidence of them was given before they should be decided to be true.

The complaint is (without regard to verbiage and immaterial allegations) that the plaintiff agreed to deliver to the defendant a secret formula or receipt for making artificial champagne, "not distinguishable from, and equal in taste, appearance and quality to real champagne," and teach and impart to him the art, skill and secret of making the same, in consideration of which the defendant agreed to pay her $1,000, provided that on a trial under the plaintiff's direction the result should be such champagne; that the plaintiff gave the defendant the said secret and receipt for making such champagne, "enumerating and describing the articles, ingredients, compounds and parts in which the same were used and mixed," etc., but he refused to receive her instructions, or have the trial of the result under her directions, but tried himself and failed. The prayer was for damages for breach of the contract. The answer is a general denial. The verdict was for $1,000 damages. There was no evidence that the plaintiff's formula or receipt would produce artificial champagne "not distinguishable from, and equal in taste, appearance and quality to real champagne." She testified that she had made it in France, and that "it always turned out right." That is a mere loose conclusion. It might have been right, of its kind, but was it equal to real champagne "in taste, appearance and quality," and not distinguishable

from it? If it was, it was the same as the real article, for taste, appearance and quality is all there is of it, and one possessing the secret of it would do the greatest foolishness ever known by giving such secret away for $1,000. Without proof that the formula was what it is alleged to be, there was no basis for damages. If it were anything less, the plaintiff broke the contract when she delivered it, and if it were not it is most astonishing that she delivered it at all. If some of the article had been produced on the trial, the judge and jury might have got at least some notion whether it was the same "in taste, appearance and quality" as genuine champagne.

If the motion to dismiss be scant, still the question of the verdict being contrary to evidence and unsupported, comes up on the motion to set aside the verdict and for a new trial.

The judgment and order should be reversed.

Judgment and order of the County Court of Kings county reversed, and new trial ordered; costs to abide the event. All concur, except HOOKER, J., who dissents.